## CHARLES D. LOVELAND

*v.*

## RICHARD RITTER.

USURY—*what constitutes.* Where a note was given, in renewal of one previously executed, but for a greater sum than was legally due, such second note was declared to be usurious.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

This was a bill in chancery, exhibited in the Circuit Court of Mason county, by Richard Ritter, the complainant, to compel the defendant, Loveland, to accept a tender of $425, in full satisfaction of a certain note made and executed by him, October 10th, 1869, for the sum of $587.35, and also, to release a mortgage of the same date, given to secure the payment of the note.

The bill alleged, that on the 5th day of October, 1858, Ritter borrowed of Loveland $300, for which he made and executed the following note:

$330.                         "HAVANA, ILLS., Oct. 5th, 1858.

"Sixty days after date, I promise to pay to the order of Charles D. Loveland, three hundred and thirty dollars, value received; and if not paid when due, to draw five per cent. per month from maturity until paid, as 'liquidated damages.'
                                              "R. RITTER."

And which was afterwards, to-wit: on the 10th day of October, A. D. 1869, taken up, and a new note made and executed by and between the same parties, for the sum of $587.35, and maturing six months after date, in which was a similar stipulation, that if not paid when due, said note was to draw *three* per cent. per month from maturity, as "liquidated damages."

The testimony, on the hearing, was conflicting and contradictory upon the question of the consideration of the second note.   There was, however, evidence uncontradicted of the fact, that Ritter, prior to the filing of his bill, tendered to Loveland the sum of $425, as the full amount of his actual indebtedness, and thereupon demanded the delivery to him of the note of $587.35, and a release of record of the mortgage, and also, that upon the refusal of Loveland to accept the tender, the money was deposited with the circuit clerk of Mason county, with notice to Loveland.

The court, upon the hearing, decreed the payment of $338.04, in full satisfaction of the note and mortgage, and that the same be delivered up and released of record.   This decree of the court below is assigned for error, and this court is asked to reverse the decree.

Mr. B. S. PRETTYMAN, for the appellant.

Mr. HENRY E. DUMMER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

It is clear there was usury in the note from Ritter to Loveland, but we are of opinion the circuit court erred in decreeing to appellant only $338.04.   The testimony of the parties as to the amount actually loaned is contradictory, but Ritter, only a few months before filing his bill, made a formal tender of $425, and when Loveland declined to receive that sum as the amount due, Ritter deposited it with the clerk of the court to be paid to Loveland upon his surrender of the note and cancellation of the mortgage, and took a certificate of the clerk to that effect, which was read upon the hearing.   We consider this very deliberate statement by Ritter of the amount legally due, as stronger upon that point than any other proof in the case, and the court should have pronounced a decree for that sum.

*Decree reversed.*